UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILAD A. HANNA,             ) | |
|     Plaintiff,              ) | |
|                              ) | |
|     v.                      ) | Civil Action No. 24-12938-PGL |
| CAB TECHNOLOGY, INC.,       ) | |
|     Defendant.              ) | |

## MEMORANDUM AND ORDER

LEVENSON, U.S.M.J.

On November 1, 2024, Milad A. Hanna, a resident of Staten Island, New York, filed a *pro se* complaint and application to proceed without prepaying fees or costs with the United States District Court for the Southern District of New York. Docket Nos. 1–2. By Order, dated November 14, 2024, the case was ordered transferred to this district. Docket No. 5, Transfer Order, No. 24-cv-8437 (LTS) (S.D.N.Y. Nov. 14, 2024).

On November 25, 2024, this action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 7. Now pending before the Court is Hanna's application to proceed without prepaying fees or costs. Docket No. 2. Hanna did not answer questions 4–8 on the application. *Id.* In response to question 7 concerning his past employment, he responded that "[he does not] remember" his gross monthly wages at the time. *Id.* In response to question 3, Hanna indicates receipt of disability or worker's compensation payments, but he fails to describe the source of money, the amount received, and what he expects to receive in the future. *Id.* Based on these incomplete financial disclosures, this Court finds that Hanna has not demonstrated that he is without sufficient funds to pay the filing fee.

Accordingly, the application to proceed without prepaying fees or costs is hereby DENIED without prejudice to Hanna either paying the filing fee or filing a renewed application. If Hannah wishes to proceed with this action, he shall by January 3, 2025, either (1) pay the $405 filing and administrative fee or (2) submit a renewed and complete application to proceed without prepaying fees or costs. Any new application must include specific information as to how Hanna is paying his expenses. Failure to comply with this Order will likely result in dismissal of this action by a United States District Judge. The Clerk is directed to provide a form AO 240 to Hanna.[1]

SO ORDERED.

Dated: December 11, 2024

/s/ Paul G. Levenson  
Paul G. Levenson  
U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).